Thank you, your honors, and may it please the court. My name is Palmer Huvestal. I'm an attorney from Helena, Montana. I'm appearing on behalf of the juvenile in this matter, and I would like to use seven minutes and to reserve three minutes for my argument. This case comes before the court on an appeal from the decision of the district judge to transfer jurisdiction or transfer prosecution of the case from juvenile court to adult court. It's our contention that the district court committed constitutional error, that is, he violated due process, when he assumed that the juvenile committed the offense. There are a number of factors under 5032 that the court must consider when deciding whether it's in the interest of justice to transfer prosecution from a juvenile to adult status. In our view, the court focused on one primary aspect or one primary factor, which was the nature of the offense factor, and determined, and that's set forth in his memorandum in order in finding the fact, and basically determined that because the nature of the offense, which was a murder, was so brutal and so callous, the juvenile simply cannot be rehabilitated. And in our view, that violates, that is, the assumption that the juvenile committed the offense violates due process in that it goes in direct contravention with the Fifth Amendment. It's a guarantee of the presumption of innocence. What did the judge do then in that situation? Hold a mini trial on the merits? Well, that was the thing that I was trying to decide and trying to determine what a court, what a district court should do. The standard, and I incidentally never was able to come up with an answer that satisfied me in any of that. See, that's the problem. I don't know, like you, I don't know what the alternative would be if he didn't assume a certain amount of truth to the charge. For instance, that's done many times in a bail hearing, right? But the difference between a bail hearing and a transfer hearing is that the real effect of a transfer order is to increase the punishment from official detention or formal detention until the age of 21 to mandatory life in prison. It exposes the defendant to the greater punishment. I think that much is pretty clear. Yes, and the Fifth Amendment, of course, states that no person shall be deprived of liberty without due process of law. Mr. Huestov, doesn't it seem to be the standard system of every, I think every appellate court that's considered it, that it's at least appropriate for the district court to assume the guilt of the charged person? Well, I don't know about every appellate court, but in this instance, what the court did was rely on a Second Circuit case, Nelson, and determined that it was the best practice. That's the language of Nelson. They indicated that it's best practice for us to simply assume that. And Nelson, obviously, was before Apprendi, and Apprendi states expressly that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum. And here we have the Juvenile Delinquency Act, which the statutory maximum of which is 21 years of official detention. Other than the fact of a prior conviction must be submitted to a jury and proved beyond a reasonable doubt, which – But you're not proposing that transfer proceedings be turned into jury trials, are you? I'm not proposing that at all. I think that the standard should be beyond a mere preponderance of the evidence. I think that the standard should be one which is in accord with the presumption of innocence, which is – You know, in a way, you see – I'm just taking that out loud now. In a way, a judge deciding whether or not a juvenile should be tried in juvenile court or as an adult is not any different than, say, a prosecutor deciding whether to charge a case as a felony or misdemeanor, right? You don't get any kind of a due process problem in a prosecutor deciding, well, this is bad enough. I'm going to charge it as misdemeanor. Well, the prosecutor can certainly charge whatever the prosecutor wants. But in order to establish, in order to provide probable cause, he has to provide proof. And in this instance, there was a simple assumption that – No, but you get the proof because he's not going to suffer any punishment at all unless he's proven guilty beyond a reasonable doubt by a jury. Well, there is that exposure. And I think the exposure to the increased penalty is within the penumbra of the Fifth Amendment. Which is what happens when a prosecutor decides, well, felony or misdemeanor. Right. But there's a difference between a prosecutor and a judge in that the judge is the finder of fact, at least in this instance. And we're talking about discretionary transfer here, not the mandatory transfer wherein transfer occurs as a matter of law. We're talking about the exercise of judicial discretion and the standard that the court should apply. And I think the Fifth Amendment requires that there be more than an assumption. Otherwise, it basically turns into mandatory transfer. Well, as a practical matter, what you say has a certain amount of common sense. Assuming that the case is transferred to an adult proceeding and the exposure is then whatever the penalty is for the crime tried as an adult, we all know that as a general proposition, once the crime is charged, the number of defendants who get an acquittal is fairly small. Now, that's not a guarantee, of course. But as a practical matter, either you're going to get a plea or you're very likely to get a conviction. But I'm having trouble seeing the unconstitutionality of looking at the nature of the crime that's charged in determining whether to transfer because what they're really trying to figure out is how bad a thing is this. And your proposal, I guess, would be you have the trial first, then you have a determination of guilt, and after the determination of guilt, the judge decides whether to punish as an adult or as a juvenile? Well, I think, and I don't know where the answer lies, but a district judge cannot simply assume constitutionally that the offense occurred and thereby decide that the rehabilitative purposes of the Juvenile Delinquency Act cannot be met and the juvenile should be transferred for prosecution as an adult. Mr. Stolz, I wonder if it would help, maybe you'll tell me that it would hinder, but suppose the process were reversed. Suppose what Congress had provided was that anybody who was charged with a crime should be preceded against as an adult with the proviso that if a person was below 18 in age, there should be a procedure under which the district judge might consider transferring the defendant to juvenile status. The transfer process would work the other way. Under such a process, would it be inappropriate for the district judge to say, well, I'll start by assuming, well, we'll assume that the defendant is guilty, would be guilty if charged as an adult, but the question is whether there are prudential reasons of the kind specified in the statute for treating him as a juvenile. Would there be some due process reason why the judge shouldn't start from the predicate, we'll assume that he's guilty? Well, I think obviously there would be due process problems with that as an initial matter since the presumption of innocence attaches at every stage of the proceeding, even in the jury deliberations. And so to stand before a court and have to prove one's innocence, I think, lies in direct contravention with the presumption of innocence. And I had a second thought, but this escaped me. Well, it wouldn't be a matter of proving one's innocence before the judge is considering whether to transfer one way or the other. Just think, we'll entertain that assumption, and now we'll examine these various statutory considerations that would determine whether, even if we grant guilt on the adult scale, wouldn't it be better to treat this young person as a juvenile and with the hope that by the age of 21 he or she would be better off and could be released? Well, I think that's what Congress did. In other words, they indicated that it's appropriate to treat an individual as a juvenile until the age of 15, at which point it's a judicial determination whether it's in the interest of justice to transfer. And then if the child is 16 or older and has one prior conviction, then obviously we have, as a matter of operation of law, a mandatory transfer. But I think Congress has already made that determination. Of course, in some jurisdictions, the decision of whether or not to charge a defendant as an adult or juvenile is made by the prosecutor. Just as the prosecutor makes the decision whether the charge is a misdemeanor or a felony now, if that's the constitutional system, why isn't it just as constitutional for a judge to make that decision? It seems to me it would be better to have the judge decide it. Well, that's not the system that we have here. And although, again, a prosecutor may make that charging decision, ultimately it lies in the hands of the court. And the court, again, cannot assume simply that under the nature of the offense category the offense occurred and thereby make the determination to transfer. I think that just is unconstitutional. Now, we've taken you over your time. Let's hear from the other side, but we'll give you a chance for rebuttal. Thank you. Good morning. My name is Lori Suk. I'm an assisting United States attorney from Montana. Excuse me. By the way, thank you for accommodating my schedule this morning. In this case, the statutory procedure that is in place was followed meticulously by Judge Haddon. The discussion about whether a district judge can take into account that crime was committed and whether that's constitutional is what the system is at this point. And there is really — It's not only taking it into account. It seems to me in this case the judge came to the conclusion under Nelson that he had to assume the truth of the charges, right? He did, yes. So it's more than taking it into account. Well, he assumed that the crime was committed, and then he moved on to balancing that crime with the other factors. And that is taking into account that crime and balancing it with the other factors that the statute required him to balance it against. In this case, the Court did not commit those errors that are common, such as failed to make findings about a particular factor or failed to balance the factors. It did — the Court did exactly what the Court was supposed to do. These are not easy decisions. In fact, Judge Haddon specifically said this was not an easy decision. But the bottom line is, in the structure in place, there are six factors. The law is clear. One fact is not determinative, but one fact can be the reason why the Court makes the decision. The contention is made that to start with the premise that the accused is guilty is an unconstitutional premise, given the presumption of innocence. And I take it that's a challenge which goes beyond the question of whether there's been conformity with the statutory conditions that are to be inquired into. And this would appear to be a situation in which the judge, given his reliance on Nelson, felt he was required to assume guilt, not merely that it was a working assumption that he might make, but that he was required to make it. Is that an unconstitutional way to proceed, or? No, Your Honor, because in this case, that assumption is not used for any purpose other than the decision of whether to transfer the juvenile to adult status. It is an exposure of more of a penalty, but it is certainly not a guarantee of that penalty. So if you're talking in terms of an apprendee argument and whether that's constitutional to assume a fact that would expose a defendant to a greater penalty, that is not what is done here. It is simply the vehicle by which to give the court jurisdiction that it doesn't have at the outset to go against a juvenile as an adult to proceed in that fashion. What you say, I think, is technically absolutely right. All it does is put him into a procedure where he's exposed to a much longer sentence. But as a practical matter, in I don't know what, 9 out of 10, 95 out of 100, a large majority of the cases, as a practical matter, this will do more than just expose. This will produce a much, much longer sentence. The evidence in this case is substantial. That is clear, Your Honor. And in many cases will be. In many cases, that is the situation. And quite frankly, it walks hand in hand. The nature of this offense, which the court followed Nelson, which tells the court that the court has to assume the offense was committed. Why should the court follow Nelson, which says that the court must assume the truth of the charges, rather than the other circuits which say only that the court may assume? And the court was very clear that it followed Nelson. I mean, it cited it. It used the word must. And it quoted accurately from Nelson. But most of the other circuits, and we've not spoken on the question, most of the other circuits say may. Why do you like must, or would you be content with may? The government would be content with may, Your Honor. If we adopt may as our test, should we remand? That is to say, Judge Haddon made it very clear that he was assuming because he was compelled to do so. I'm not sure what he would do. You yourself said you found this a difficult decision. I'm not sure what he would do if he only were allowed to but were not required to assume the truth. Your Honor, I believe that if you would change the standard, the record is clear that the judge would come to the same conclusion. Because even though he made that assumption, he didn't simply just rely on that one factor and ignore the rest of the factors. I don't know how much difference there is between must and may. I mean, I can't see a judge in that situation sort of ignoring the charge. He says, well, this hasn't been proven. I'm not going to pay any attention to it, even though I can. And I'll decide on the other factors. It seems to me he has to consider. You're absolutely right, Your Honor. That is one of the factors that he is required to make findings upon, or else that would, in fact, be clear error. So whether he was felt compelled to consider the offense committed, or whether he felt there was some discretion in considering the offense was committed, the analysis would be the same. He would consider the offense and the nature of that offense in light of the other factors, which is what he did here. I'm sorry. No, go ahead, please. Would it be error for the judge to say, I don't know whether the accused did this or not, but that's not my province. That would be determined by a jury. This is not a trial. I'm leaving that entirely aside. I'm just going to examine the statutory criteria. Yes, it would be error, Your Honor, because the court has to make findings on each factor. And if he completely ignored the nature of the offense, that would be a lack of findings on one of the factors. Not the nature of the offense. I'll make findings as to the nature of the offense on the basis of the material that's offered to me. If it tells me that an accused did somebody or other did this thing, whether this is the person who did it or somebody else did it, I don't know. You can't divorce the nature of the offense from the presumption that this person committed the offense. That's the decision the court is making. The court is not making a vacuum decision that some person over here committed this offense and should be transferred. The court is making a decision about the defendant in front of the court at that point, what that defendant is charged with, and then all of the other five factors that go into that defendant's background. You couldn't simply divorce this factor and put it in a vacuum and say, we're not going to consider it in terms of this defendant, but we'll consider the other five factors in terms of the defendant. That would make — there would be no purpose for the analysis, then, of all this. What about the case, and I'm not sure this is the case, but what about the case where the judge, based upon what he has in front of him or what she has in front of her, looks at the charges, looks at whatever testimony comes in in terms of psychological and so on, begins to have doubts and says, you know, there may have been overcharging here. You know, this may not be a very good case. Are you saying, even in that circumstance, that the judge must assume the truth of the charges? Well, again, you can't — you cannot divorce what the court is going to find out in the fact-finding. That is — there is no way that a court is going to take a standard of, I must assume that the defendant committed this offense, and then learn about that nature of the offense, which could include evidence that may weaken the evidence in the view of the court, and then not analyze that. Well, I understand that, but I'm not — I'm really on the question between must and may, rather than on the question of whether the judge should consider the nature of the offense charged. The court definitely should consider the nature of the offense, and did so in this case. And in the view of the government, that's why it makes very little difference whether the standard is must or may here, because the court made that assumption under Nelson, but then considered the nature of the offense, did not simply just stop there and not make any findings on the nature of the offense. But it seems to me that if you adopt the assumption, because you must adopt the assumption that it's true, that may influence things like your notion as to whether or to what degree this juvenile may be rehabilitated, because you're assuming that he did this horrible thing. Well, if he did this horrible thing, that may tell you something about the chances of being rehabilitated. On the other hand, if you don't assume it, you may come to a different conclusion. Is there a — there's some kind of a — well, there is a hearing, but, you know, is evidence introduced at that hearing of the transfer hearing? Yes, Your Honor. We had witnesses, the case agent on the case testified regarding his investigation. So, in effect, he testified about the nature of the offense? Absolutely. He testified at length about his investigation and the role of this defendant in the offense. And then the Court also took testimony in the form of psychological reports not only court-ordered, but a report from a defense expert in making its findings. Let me ask you about the practice in Montana. I think it varies from State to State. But in Montana, if either the person is charged as a juvenile by your office, or the judge declines to transfer that defendant to adult status, does the District Court regain jurisdiction over the juvenile offense, or does it then become a State matter? In most cases in Montana, the district judge continues to assume jurisdiction. So then if the person is charged as a juvenile, the district judge would continue to preside over that case, right? Yes. And handle it as a juvenile offense? Yes. All right. Now, it seems to me — this is getting back to Judge Fletcher's question — but if that's the case, it almost doesn't make sense to make the decision of, you know, whether to handle the person as a juvenile or an adult after guilt is established, almost like part of the sentencing phase, because then you know all the facts? That would be completely turning the process away from what the statute requires. There is no requirement that the decision of guilt or innocence be decided. This is a means by which to decide which avenue the defendant will be prosecuted. It comes before any determination about guilt or innocence. It doesn't have to be that way, right? I'm just thinking about in terms of the due process, you know, a challenge that the defendant is making here, that this statutory procedure doesn't conform to due process. But it would be a better process, don't you think, to decide it afterwards, if it's all going to happen before the same judge anyway? It would be a completely different process, Your Honor, whether it's better. It would be completely different. It's certainly not what we have. Congress could rewrite the statute to do that, but hasn't. Yeah. But my problem with it — and I'm finding this a difficult case. I understand that the circuits have pretty much adopted this. It doesn't mean that there's a disagreement among the circuits. It's between — but in most cases, it will be a pretty small point, the difference between must and may. But I'm having trouble getting past the problem that if the district judge assumes the truth of the charges, which have at this point not been proved, not been subjected to the test of a jury, there are enormous adverse consequences for the defendant who is put into adult proceedings. There are —  There are potential enormous consequences for the defendant. In the great majority of cases, there will be actual enormous adverse consequences. We just know that. In some cases, there won't be, but in most cases, there will be. To be honest with you, Your Honor, in Montana, the acquittal rate, as I've been told by the chief judge, is somewhere around 50 percent right now. So our acquittal rate is much worse than the rest of the country. But candidly, in the rest of the country, yes, it would be an assumption that that is an exposure. In Montana, that is not necessarily a given because of the nature of our cases. This case will be a hotly contested case at trial with all kinds of defenses presented by every juvenile, including this one. So to say what the penalty would be is simply speculation at this point. But there is exposure. Very much. Okay. Thank you. Thank you very much. We took you over as well. Mr. Rivestone. Very briefly, Your Honor, but the factual inquiry that was engaged in by the district court is something that clearly does, I believe, show the existence of reasonable doubt. For example, Mr. Sutherland was not carrying a knife. There's no evidence that he stabbed anybody. There's no evidence that he beat anybody with a pipe. And that's why I think that when I stated that the court, this reviewing court should exercise more than a deferential standard of review, it was because I think that there's clear error, factual error, in the record by the district judge, and that was an abuse of discretion. You read the cases, and almost in every case they say, well, this is what the district judge found, and we don't find that it was an abuse of discretion. But I think in this case, this is distinguished from the other ones because there is. And there's a case that was not cited, but I'll cite it for the court. It's United States v. Juvenile, 347 F. 3rd, 778. 347 F. 3rd, 778. Are you alerted? Are you even alerted to that case? Okay. I think it was her case, Your Honor. But in essence, it was a sentencing case, and it's a Ninth Circuit case, same judge, wherein Judge Lay and Judge Ferguson determined that there was an abuse of discretion in factual determinations, and Judge Gould determined that there was not. And I would urge the court to, to the extent that it can, insofar as there is a constitutional issue here, perform a de novo review of the record and not a deferential standard review. Okay. Thank you very much. Unless you've got one last thing you just have to tell us. Well, with respect to the juvenile matter, the case that Your Honor and Judge Tashima decided, wherein it was determined that the transfer statute is merely jurisdictional, I don't think that it is merely jurisdictional in that the district court already has jurisdiction, and it's no different than having a statute, for example, in the drug case that says that the sentence or the maximum sentence would be 10 years or 20 years or mandatory life in prison. The district court already has jurisdiction. Okay. Thank you very much. I thank both counsel for their arguments in United States v. Juvenile. The next case on the argument calendar, because of our readjustment, is the case United States v. Durham with Ms. Sook, and I think we've got a different lawyer on the other side.
judges: Tashima, W. Fletcher, Pollak